UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Alcides Vargas
and other similarly situated individuals,

    Plaintiff(s),

v.

Neighborhood Housing Services
of South Florida, Inc.

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Alcides Vargas and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Neighborhood Housing Services Of South Florida, Inc., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid half-time overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Alcides Vargas is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Neighborhood Housing Services Of South Florida, Inc. (from now on, NHSSF, or Defendant) is a Florida Not For Profit Corporation performing business in Dade County, Florida.

4. At all times material, Defendant was and is engaged in interstate commerce. It was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Alcides Vargas as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2021, (the "material time") without being adequately compensated.

7. Defendant Neighborhood Housing Services Of South Florida, Inc. or NHSSF, is a Non-Profit Company dedicated to assisting first-time buyers with homebuyer education, financial capability, and homeownership Counseling services. NHSSF is also a full-service mortgage broker company performing regular Real Estate Loans. Defendant generates revenue offering FHA Loans, VA loans, USDA loans, Conventional Loans, Non-qualified loans, Reverse Mortgages, and Commercial Loans.

8. Plaintiff worked at NHSSF's facilities located at 300 NW 12th Avenue, Miami, Florida 33128.

9. Defendant NHSSF employed Plaintiff Alcides Vargas as a non-exempted, full-time, salaried employee from approximately July 16, 202, to May 25, 2022, or 45 weeks.

10. Plaintiff had duties as a mortgage loan originator. Plaintiff worked under the supervision of the CFO, John Pantoja.

11. Plaintiff was paid a salary of approximately $65,000.00 annually, or $1,250.00 weekly.

12. While employed by Defendant, Plaintiff had a regular schedule, and he worked five days per week. From Monday to Friday, Plaintiff worked at the office from 9:00 AM to 6:00 PM (9 hours each day), or 45 hours weekly.

13. Plaintiff did not take bonafide lunch hours, and he ate while working. However, Defendant improperly deducted 1 hour or 5 hours weekly as lunchtime taken. These five hours constitute 5 unpaid overtime hours weekly.

14. Furthermore, at home, Plaintiff worked from Monday to Friday a minimum of 2 hours daily, or 10 hours weekly. Plaintiff worked completing and processing mortgage applications and mortgage-related paperwork.

15. These hours constitute 10 off-the-clock overtime hours that never were paid to Plaintiff at any rate, not even at the minimum wage rate.

16. Plaintiff worked a total of 55 hours weekly, but he was paid not paid for overtime hours as established by law.

17. Plaintiff is claiming a total of 15 unpaid overtime hours weekly for every week that he worked for Defendant.

18. Plaintiff did not clock in and out, but he signed time sheets. Defendant knew about the number of hours that Plaintiff was working. Defendant was in complete control of Plaintiff's activities and required Plaintiff to complete work at home. Thus, Defendant knew about the off-the-clock hours worked by Plaintiff.

19. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

20. Plaintiff was paid bi-weekly by direct deposits with paystubs that did not show the actual number of hours worked.

21. On or about May 25, 2022, Defendant fired Plaintiff for discriminatory reasons. Defendant used pretextual reasons. Plaintiff is in the process of filing his Charge of Discrimination with the U.S. Equal Opportunity Commission (EEOC).

22. Plaintiff Alcides Vargas intends to recover half-time overtime, for every hour worked over 40 weekly, during his entire period of employment with Defendant, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half his regular rate.

25. This action is intended to include any mortgage loan originator and similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

26. Plaintiff Alcides Vargas re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. Defendant NHSSF was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a non-profit organization and a mortgage broker company and had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a mortgage loan originator working with government agencies and interstate financing organizations. Therefore, there is individual coverage.

29. Defendant NHSSF employed Plaintiff Alcides Vargas as a non-exempted, full-time, salaried employee from approximately July 16, 202, to May 25, 2022, or 45 weeks.

30. Plaintiff had duties as a mortgage loan originator. Plaintiff worked under the supervision of the CFO, John Pantoja.

31. Plaintiff was paid a salary of approximately $65,000.00 annually, or $1,250.00 weekly.

32. While employed by Defendant, Plaintiff had a regular schedule, and he worked at the office five days per week from Monday to Friday, a total of 45 hours.

33. Plaintiff did not take bonafide lunch hours, and he ate while working. However, Defendant improperly deducted 1 hour daily or 5 hours weekly as lunchtime taken. These five hours constitute 5 unpaid overtime hours weekly.

34. Furthermore, at home, Plaintiff worked from Monday to Friday a minimum of 2 hours daily, or 10 hours weekly. Plaintiff worked completing and processing mortgage applications and mortgage-related paperwork.

35. These hours constitute 10 off-the-clock overtime hours that never were paid to Plaintiff at any rate, not even at the minimum wage rate.

36. Plaintiff worked a total of 55 hours weekly, but he was paid not paid for overtime hours as established by law.

37. Plaintiff is claiming a total of 15 unpaid overtime hours weekly for every week that he worked for Defendant.

38. Plaintiff did not clock in and out, but he signed time sheets. Defendant knew about the number of hours that Plaintiff was working. Defendant was in complete control of Plaintiff's activities and required Plaintiff to complete work at home. Thus, Defendant knew about the off-the-clock hours worked by Plaintiff.

39. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

40. Plaintiff was paid bi-weekly by direct deposits with paystubs that did not show the actual number of hours worked.

41. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

43. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

   a. Total amount of alleged unpaid O/T wages:

   Seven Thousand Six Hundred Seventy-Four Dollars and 45/100 ($7,674.75)

   b. Calculation of such wages:

   Total period of employment: 45 weeks
   Relevant weeks of employment:  45 weeks
   Total hours worked:  55 hours weekly
   Total O/T hours worked: 15 O/T hours
   Salary: $1,250.00: 55 hours worked=$22.73
   Reg. rate: $22.73 x 1.5=$34.10 O/T rate-$22.73 O/T rate paid=$11.37
   Half-time O/T: $12.17

   $11.37 x 15 O/T hours= $170.55 weekly x  45 weeks= $7,674.75

   c. Nature of wages (e.g., overtime or straight time):

   This amount represents unpaid half-time overtime wages.

44. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

46. Defendant NHSSF willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Alcides Vargas and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Alcides Vargas and other similarly situated individuals and against Defendant NHSSF based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Alcides Vargas actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Alcides Vargas demands a trial by a jury of all issues triable as a right by a jury.

Dated:  September 15, 2022

                                                Respectfully submitted,

                                       By:  <u>/s/ **Zandro E. Palma**</u>
                                           ZANDRO E. PALMA, P.A.
                                           Florida Bar No.: 0024031
                                           9100 S. Dadeland Blvd.
                                           Suite 1500
                                           Miami, FL 33156
                                           Telephone: (305) 446-1500
                                           Facsimile: (305) 446-1502
                                           zep@thepalmalawgroup.com
                                           *Attorney for Plaintiff*